# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RICHARD McNAMARA and ELIZABETH McNAMARA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 13-2195-KHV-KGG |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 15), seeking to add three new causes of action for outrage, fraud, and a violation of 42 U.S.C. § 1983. Having reviewed the submissions of the parties, the Court **GRANTS** Plaintiffs' motion.

## BACKGROUND

On May 20, 2008, Plaintiffs sustained fire to their home, which was insured by Defendants. (Doc. 1, at 1.) Plaintiff Richard McNamara was subsequently charged with arson. (*Id*., at 2.) The charges were ultimately dismissed. (*Id*., at 5.) Although Defendant has paid the mortgage holder for its loss, Plaintiffs allege that

1

Defendant "refused to pay [them] for the other losses they suffered, namely their equity interest in their home and the value of the personal property they had lost in the fire," contending the denial was because Plaintiffs intentionally caused the fire. (*Id.*, at 2.) Plaintiffs further allege that the State Fire Marshal changed the classification of the fire from "undetermined" to "incendiary" based on an exchange of information with Defendant's investigator. (*Id.*, at 5.)

Plaintiffs' initial Complaint contained only a claim for breach of contract. (*Id.*, at 6-7.) Plaintiffs moves the Court for leave to amend the Complaint to add claims for outrage, fraud, and a violation of 42 U.S.C. § 1983, which they contend "arose from further investigation." (Doc. 15, at 1.)

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant argues that Plaintiffs' requested amendment "does not add any

2

substantive information which could have been derived from 'further investigation,' but only adds additional legal causes of action which could have been included in the original Complaint." (Doc. 17, at 3.) Defendant continues that the proposed amendments are futile based on expired statutes of limitation because the events giving rise to the causes of action (the initial denial of the insurance claim, the filing of criminal charges) occurred in 2009 and 2010. (*Id.*)

Plaintiffs reply that the tort of outrage did not accrue until after the criminal charges were dismissed in January 2012. Plaintiffs contend that they did not expect Defendant to pay on their insurance claim during the pendency of the criminal proceedings. "*They did, however, have a reasonable expectation that once the criminal case was resolved in their favor, they could renew their insurance claim and [Defendant] would have no good faith grounds for denying it.*" (Doc. 22, at 3, emphasis in original.) Plaintiffs appealed the denial of their claim by letter dated October 22, 2012; Defendant issued a subsequent denial on November 9, 2012. (*Id.*, at 2-3.) The Court agrees with Plaintiffs that, for purposes of this motion, they "suffered the substantial injury sufficient to sustain a claim of outrage on November 9, 2012," thus the statute of limitations has not expired.

Plaintiffs continue that they did not become aware of Defendant's

"fraudulent conduct" until discovery occurred during Mr. McNamara's criminal case, "when documents showing the defendants' [sic] deception and misrepresentations were produced." (*Id.*, at 4.) That discovery was not served until May 21, 2011. Thus, Plaintiffs argue, the statute of limitations could not have expired before the present case was filed on April 29, 2013, with the new claims relating back to the original Complaint. (*Id.*, at 5.) Alternatively, Plaintiffs contend that the fraud claim did not accrue until the denial of their claim on November 9, 2012, after the criminal case had been dismissed. (*Id.*) For the purposes of this motion, the Court agrees that the statute of limitations had not expired on Plaintiffs' fraud claim.[1]

Defendant also argues that the statute has run on Plaintiffs' claim for a violation of 42 U.S.C. § 1983, which it contends accrued no later than August 9, 2010, when Plaintiff Richard McNamara was served with an arrest warrant. (Doc. 17, at 7-8.) The Court agrees with Plaintiffs' assertion, however, that the underlying criminal proceeding had to be terminated in Mr. McNamara's favor before the cause of action could accrue. (Doc. 22, at 5-6.) This did not occur until January 6, 2012. Thus, for purposes of this motion, the Court finds that the statute

---

[1] Nothing in this opinion shall prohibit Defendant from raising these statute of limitations arguments in any subsequent dispositive motion that may be filed with the District Court in this matter.

of limitations had not expired.

The Court also finds that Defendant's reliance on the immunity defense does not bar Plaintiffs' requested amendment. The Kansas Arson Reporting Immunity Act defines the word "immune" to

> mean that a civil action may not arise from any action taken pursuant to K.S.A. 31-403 and 31-404 in the absence of gross negligence, bad faith, malice or fraud on the part of the individual, insurance company, or person acting in its behalf, or authorized agency.

K.S.A. § 31-402(e). The Court agrees that, for the purposes of this motion, Plaintiffs have adequately plead malice and/or fraud in their proposed Amended Complaint.[2] (*See* Doc. 15-1, at 11-13.)

Defendant also argues that Plaintiffs have not sufficiently plead the tort of outrage. The Court agrees that a Complaint including a claim for outrage must allege facts "regarding extreme and severe emotional distress" in order to survive a motion to dismiss for failure to state a claim. *See* ***Towner v. VCA Animal Hosps., Inc***., No. 12-2649-KHV, 2013 WL 1898204, *5-6 (D. Kan. May 7, 2013). The Court disagrees with Defendant, however, that the proposed Amended Complaint fails in this regard. For the purposes of this Motion to Amend, the proposed

---

[2] This decision does not prohibit Defendant from raising this defense in any subsequently filed dispositive motion(s).

pleading contains sufficient allegations that could arguably equate to extreme and severe emotional distress, including allegations that they were forced to move numerous times, change school districts, suffered from anxiety, developed high blood pressure, and allegedly required antidepressant medication. (Doc. 15-1, at 8-9.)

Mindful of the admonition that leave to amend shall be freely given, *Foman*, 371 U.S. at 182, 83 S. Ct. at 230, and without prejudice to a challenge to the Amended Complaint through motions under Fed.R.Civ.P. 12 or 56, it is therefore Ordered that Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 15) is hereby **GRANTED**. The amended pleading shall be filed, in the form attached to Plaintiffs' motion, **on or before October 15, 2013**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion (Doc. 15) is hereby **GRANTED** as more fully set forth above.

Dated at Wichita, Kansas, on this 30th day of September, 2013.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge