# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RICHARD McNAMARA and )
ELIZABETH McNAMARA, )
                                  )
                 Plaintiffs, )
                                  )      Case No. 13-2195-KHV
v. )
                                  )
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
                                  )
                 Defendant. )
_____ )

## ORDER ON PLAINTIFF'S MOTION TO COMPEL
## APPEARANCE AND TESTIMONY OF
## ROBERT COLE COLLINS AT DEPOSITION

The present motion (Doc. 36) follows the deposition of an unrepresented non-party witness, Robert Collins, on September 20, 2013. Mr. Collins appeared pursuant to Defendant's subpoena, which he acknowledged had been delivered although he had not retrieved it from the mail. Mr. Collins is an important, perhaps critical, witness in this case. The Court discussed the motion with both counsel by telephone on October 15, 2013.

Following questions by Defendant, Mr. Collins was cross-examined by Plaintiff's counsel. Mr. Collins felt the questioning exceeded the proper scope of questioning, and became less cooperative. Finally, Mr. Collins refused to respond to some questions, at which point the deposition was adjourned and the present

motion was filed.

A deposition provides the parties with an important opportunity to discover facts. The scope of questioning in a deposition is defined by Federal Rule of Civil Procedure 26(b). A party may ask questions to obtain any non-privileged information that is "relevant to any party's claim or defense . . . ." Information obtained during a deposition need not be admissible at trial if the discovery is "reasonably calculated to lead to the discovery of admissible evidence."

Local rules and practice provide that most objections to questions and answers in a deposition are reserved for trial. The exceptions to this rule are generally objections based on privilege (for example, attorney-client communications), which was not an issue in this deposition, and objections based on the form of the question. A witness may not generally refuse to answer an objection simply because it exceeds the scope of proper discovery (unless the answer is privileged) except to allow the witness or counsel to file a motion to terminate or limit the deposition "on the ground it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses" the witness. Fed.R.Civ.P. 30(d)(3)(A).

An unrepresented non-attorney deposition witness is in the unenviable position of participating in an unfamiliar procedure without a working knowledge of the rules and has to rely on himself to protect rights which he does not fully

understand.  In the vast majority of depositions, the good-faith conduct of counsel and the cooperative spirit of the witness result in the completion of the deposition without major difficulty.

The Court has read the transcript of Mr. Collins deposition.  Generally, counsel and witness were courteous and cooperative.  However, Plaintiff's counsel asked a couple of series of questions which stretched the scope of discovery and approached the conduct prohibited by Fed.R.Civ.P. 30(d)(3)(A).  The witness became annoyed, and thereafter less cooperative, resulting in the refusal to respond to some proper questions. The result is the present motion requesting the Court order the completion of the deposition and order the witness to respond to certain questions. This particular situation suggests an unusual remedy.

Plaintiff's motion is **GRANTED in part** as follows:

1. The witness, Robert Collins, remains under the previous subpoena because the deposition was not completed.  The deposition will resume November 5, 2013, at the United State Courthouse in Topeka, Kansas (The Frank Carlson Federal Building) 444 S.E. Quincy, Courtroom 403 at 1:30 PM.  Mr. Collins is **ORDERED TO APPEAR**.  The deposition will be completed no later than 3:30 PM.

2. To ensure the completion of the deposition, and to adjudicate disputes which may arise, <u>the undersigned Magistrate Judge will preside, in person, over the</u>

<u>deposition</u>. Counsel are advised, however, that this remains a deposition, thus counsel are responsible for the court reporter. The rules of depositions, not trial, will apply.

3. Counsel are directed to cooperate to ensure that a copy of this Order is served upon the witness as soon as possible.

4. Mr. Collins is advised that he is permitted (although not required) to be represented by his own attorney at the deposition.

**IT IS SO ORDERED**.

s/ KENNETH G. GALE<br>
Kenneth G. Gale<br>
United States Magistrate Judge